Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Laura Pearl Woodsey                          Docket No. 04-00041-003 Erie

### Petition on Probation

      COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of LAURA PEARL WOODSBEY, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 5th day of October 2005, who fixed the period of supervision at 3 years' probation and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall participate in a program of testing and treatment for substance abuse as directed by the Probation Office, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, not to exceed the actual costs. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.
- The defendant shall be placed in Community Confinement at Renewal, Incorporated, Pittsburgh, Pennsylvania, for a period of six months.
- The defendant shall pay any restitution balance through monthly installments of not less than 10 percent of her gross monthly income.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- The defendant shall consume no alcohol.
- The defendant shall receive mental health assessment and, if necessary, participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
- The defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address that occurs while any portion of the restitution remains unpaid.
- The defendant shall pay $1,090 in restitution.
- The defendant shall pay a special assessment of $100.

10-05-05:     Conspiracy to Defraud the United States; 3 years' probation. Currently supervised by U.S. Probation Officer David J. Conde.

FILED

U.S.A. vs. Laura Pearl Woodsey
Docket No. 04-00041-003 Erie
Page 2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that the probationer has violated the following conditions of her probation:

**The defendant shall refrain from any unlawful use of a controlled substance.**

On May 8, 2006, Ms. Woodsbey admitted to the probation officer that she had relapsed and used crack cocaine on May 5, 2006. A urine specimen obtained from Ms. Woodsbey on May 8, 2006, tested positive for cocaine. The positive test was confirmed by Scientific Testing Laboratories, Incorporated, on May 22, 2006. An additional positive drug test for cocaine was received from Scientific Testing Laboratories, Incorporated, for a urine sample obtained from Ms. Woodsbey on May 15, 2006. The test result was received on May 31, 2006.

**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Ms. Woodsbey was required to report to the United States Probation Office every Monday and Thursday morning. Ms. Woodsbey last reported to the Probation Office on May 15, 2006. A reporting notice was sent to Ms. Woodsbey's last known address on June 6, 2006, instructing her to report to the Probation Office on June 15, 2006. Ms. Woodsbey failed to report. As of May 15, 2006, Ms. Woodsbey has failed to report to the Probation Office on 11 occasions.

**The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

Upon her return to Erie, Pennsylvania, Ms. Woodsbey established residency with her brother and his family. On May 22, 2006, contact was made with Ms. Woodsbey's sister-in-law, and she reported at that time that she had not seen Ms. Woodsbey for several days. The probation officer requested that if Ms. Woodsbey was seen, to please convey a message that she needed to report to the Probation Office. On June 23, 2006, the probation officer spoke with Ms. Woodsbey's brother, and he reported that the defendant had not been residing there for approximately a month. He added that he has had no contact with her during the same time period. It should be noted that the defendant has not contacted the Probation Office in the interim to report a change of address. Therefore, Ms. Woodsbey's whereabouts is presently unknown.

**The defendant shall participate in a program of testing and treatment for substance abuse as directed by the Probation Office, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, not to exceed the actual costs. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.**

Ms. Woodsbey was referred to drug and alcohol counseling at Gaudenzia/Crossroads prior to her return to Erie, Pennsylvania. Ms. Woodsbey was to attend and participate in outpatient individual and group counseling. Initially, Ms. Woodsbey was compliant with the counseling program. However, Ms. Woodsbey ceased to continue her involvement in either individual or group counseling as of May 18, 2006.

U.S.A. vs. Laura Pearl Woodsey
Docket No. 04-00041-003 Erie
Page 3

PRAYING THAT THE COURT WILL ORDER that a bench warrant be issued for the arrest of the probationer for alleged violation of supervision and that bond be set at $ 5000.00 .

ORDER OF COURT

Considered and ordered this 5th day of July, 2006 and ordered filed and made a part of the records in the above case.

_____Maurice B. Cohill, Jr._____
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      June 26, 2006

_____David J. Conde_____
David J. Conde
U.S. Probation Officer

_____Gerald R. Buban_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place:      Erie, PA